**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA**

| | |
|---|---|
| **TIFFANY LEMAY-BRISTOL,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | |
| **DIVERSIFIED CONSULTANTS, INC.,** ) | **JURY TRIAL DEMANDED** |
| ) | |
| **Defendant.** ) | |

## COMPLAINT

NOW COMES the Plaintiff, TIFFANY LEMAY-BRISTOL, by and through her attorneys, SMITHMARCO, P.C., and for her complaint against the Defendant, DIVERSIFIED CONSULTANTS, INC., Plaintiff states as follows:

### I.   PRELIMINARY STATEMENT

1.   This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq and the Telephone Consumer Protection Act (hereinafter "TCPA"), 47 U.S.C. §227, et seq.

### II.   JURISDICTION & VENUE

2.   Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3.   Jurisdiction arises under the TCPA pursuant to pursuant to 28 U.S.C. §1331.

4.   Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.   PARTIES

5.   TIFFANY LEMAY-BRISTOL, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of New Hope, County of Hennepin, State of Minnesota.

1


6. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff to Comcast.

7. The debt that Plaintiff allegedly owed Comcast was for a cable bill, which was for the personal use of Plaintiff and/or used for household expenditure.

8. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

9. DIVERSIFIED CONSULTANTS, INC., (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Minnesota. Defendant is incorporated in the State of Florida.

10. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

11. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

12. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

13. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

14. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV.   A<small>LLEGATIONS</small>

## COUNT I: VIOLATION OF THE FDCPA

15.   From in or around December 2012, to in or around April 2013, Plaintiff has received multiple telephone calls from Defendant in an attempt to collect the Debt.

16.   In or around December 2012, Defendant and Plaintiff engaged in a telephone conversation.

17.   The aforesaid telephone conversation was the initial communication between Plaintiff and Defendant.

18.   During the aforementioned telephone conversation between Defendant and Plaintiff, Defendant stated it was calling to collect a debt Plaintiff allegedly owed to Comcast.

19.   In response, Plaintiff informed Defendant that she was in process of settling the Debt with Comcast.

20.   During the aforementioned telephone conversation between Defendant and Plaintiff, Plaintiff requested that Defendant stop calling her cellular telephone number, since she was in the process of settling the Debt with Comcast, the original creditor of the Debt.

21.   Despite Plaintiff's statement to Defendant that she was in process of settling the Debt with Comcast and her request to Defendant to cease calling her cellular telephone in an attempt to collect the Debt, from in or around December 2012, to in or around April 2013, Defendant continued to initiate multiple telephone calls to Plaintiff in an attempt to collect the Debt.

22.   The repetitive calls made by Defendant to Plaintiff were disturbing, harassing, and had the effect of making Plaintiff feel concerned and suspicious about answering the telephone.

23. Defendant knew or reasonably should have known Plaintiff would find Defendant's conduct, in initiating multiple telephone calls to Plaintiff's cellular telephone, to be harassing.

24. Defendant knew or reasonably should have known Plaintiff would find Defendant's conduct, in initiating multiple telephone calls to Plaintiff's cellular telephone, to be abusive.

25. Plaintiff was upset, frustrated and inconvenienced at Defendant's conduct, as delineated above.

26. On or about March 11, 2013 Plaintiff received a telephone call from Defendant in an attempt to collect the Debt.

27. During the aforementioned telephone call between Plaintiff and Defendant, Defendant told Plaintiff that it wanted the Debt paid in full by the end of the day.

28. Defendant also told Plaintiff that if she refused to pay the Debt, Defendant would mark her account as refusal to pay.

29. At no time during the course of the aforesaid telephone conversation did Plaintiff advise Defendant that she refused to pay the Debt.

30. Defendant's representation to Plaintiff that it would mark her account as a "refusal to pay" had the effect of conveying to an unsophisticated consumer that Defendant would refer the debt on which it was attempting to collect to Comcast and Comcast would take additional collection actions against Plaintiff, such as filing a lawsuit against Plaintiff.

31. Defendant's representation to Plaintiff that it would refer the debt on which it was attempting to collect to Comcast had the effect of conveying to an unsophisticated consumer that Comcast would proceed with initiating a lawsuit against Plaintiff relative to the Debt.

32. To date, Comcast has not filed a lawsuit against Plaintiff for the Debt.

33. During the aforementioned telephone call between Plaintiff and Defendant, Plaintiff asked to speak with another duly authorized representative of Defendant.

34. In response, Defendant told Plaintiff: "You're not going to talk to anyone else. I'm the only one you can speak with. It's my account, and you are not going to speak with a supervisor."

35. Defendant's statements as delineated above are neither statements made in an effort to seek payment from Plaintiff nor statements made to further the collection efforts of Defendant.

36. The natural consequence of Defendant's statements was to unjustly condemn and vilify Plaintiff for her non-payment of the Debt.

37. The natural consequence of Defendant's statements was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

38. The natural consequence of Defendant's statements was to cause Plaintiff mental distress.

39. Defendant has not provided to Plaintiff, within five (5) days of its initial communication to collect the alleged debt, with written confirmation of the amount of the debt, the name of the creditor to whom the debt is allegedly owed or a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

40. To date, Defendant has not provided Plaintiff with any documentation relative to the Debt.

41. In its attempts to collect the debt allegedly owed by Plaintiff to Comcast, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

   a. Engaged in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. §1692d;

   b. Caused a telephone to ring or engaged any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number in violation of 15 U.S.C. §1692d(5);

   c. Communicated or threatened to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed in violation of 15 U.S.C. §1692e(8);

   d. Failed to comply with the provisions of 15 U.S.C. §1692g(a); and,

   e. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

42. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, TIFFANY LEMAY-BRISTOL, by and through her attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

   a. All actual compensatory damages suffered;

   b. Statutory damages of $1,000.00;

   c. Plaintiff's attorneys' fees and costs;

   d. Any other relief deemed appropriate by this Honorable Court.

## COUNT II: VIOLATION OF THE TCPA

43. Plaintiff re-alleges and incorporates by reference each of the preceding paragraphs in this complaint as though fully set forth herein.

44. Defendant made and/or placed telephone calls to Plaintiff's cellular telephone number, in an effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed.

45. Defendant willfully and knowingly utilized an automatic telephone dialing system to make and/or place telephone calls to Plaintiff's cellular telephone number, in an effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed.

46. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by willfully and knowingly utilizing an automatic telephone dialing system to make and/or place telephone calls to Plaintiff's cellular telephone number.

WHEREFORE, Plaintiff, TIFFANY LEMAY-BRISTOL, by and through her attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

    a. All actual compensatory damages suffered;

    b. Statutory damages of $500.00 per violation, pursuant to 47 U.S.C. §227(b)(3)(B);

    c. Statutory damages of $1500.00 per violation, pursuant to 47 U.S.C. §227(b)(3)(C); and,

    d. Any other relief deemed appropriate by this Honorable Court.

## V.  JURY DEMAND

47. Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,
**TIFFANY LEMAY-BRISTOL**

By:   s/ Greig Dahlke
      Attorney for Plaintiff

Dated: July 24, 2013

Greig Dahlke (Minnesota Bar No: 0391034)
SMITHMARCO, P.C.
1068 Selby Ave.
St. Paul MN 55104
Telephone:   (651) 356-8269
Facsimile:    (888) 418-1277
E-Mail:        gdahlke@smithmarco.com